**BROTHERHOOD OF RAILWAY, AIR-LINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Petitioner,**

v.

**REA EXPRESS, INC., Respondent.**

**No. 72 Civ. 562.**

United States District Court,
S. D. New York.

June 19, 1972.

Segan & Culhane, New York City, for petitioner; Thomas J. Culhane, New York City, of counsel.

Reilly, Fleming & Reilly, New York City, for Brotherhood of Railway and Airline Clerks; David J. Fleming, New York City, Highsaw & Mahoney and James L. Highsaw, Washington, D. C., of counsel.

Arthur M. Wisehart, New York City, for respondent; Anderson Allegaert & Russell and John H. Doyle, III, New York City, of counsel.

METZNER, District Judge:

Petitioner, the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees [BRAC], moves pursuant to 45 U.S.C. § 159 for an order vacating and setting aside an arbitration award dated February 4, 1972. The award was entered in a dispute involving BRAC and respondent REA Express which grew out of a consolidation program instituted by REA in late 1971.

REA is a common carrier subject to the Interstate Commerce Act and the Railway Labor Act. BRAC is the collective bargaining agent for REA's employees pursuant to a collective bargaining agreement which specified that disputes between the parties would be submitted to binding arbitration in accordance with the Railway Labor Act.

When REA announced its consolidation plans in September of 1971, BRAC raised various objections. Negotiations to settle the grievances were not wholly successful, and on November 3, 1971 BRAC filed suit against REA in this court seeking an injunction to restrain the company from unilaterally consolidating offices or departments. On BRAC's motion for a preliminary injunction, a hearing was commenced, but was recessed while the parties attempted to work out an arbitration agreement as required by their collective bargaining agreement.

Robert J. Devlin, vice president of BRAC for REA matters, negotiated on behalf of the union, but failed to reach agreement. At this point C. L. Dennis, international president of BRAC, stepped in and on November 11, 1971 an arbitration agreement was signed by Tom Kole on behalf of REA and President Dennis on behalf of BRAC. Vice

President Devlin declined to sign the agreement and objected to Dennis' signing it, stating that under the constitution and statutes of BRAC the international president had no authority to bind the Express employees to an arbitration agreement. It was Devlin's position that the National Association of Express General Chairmen, a subordinate unit within BRAC, had sole jurisdiction over matters affecting rates of pay and working conditions for Express employees and that this Association alone was authorized to submit disputes concerning these matters to arbitration.

The preliminary injunction hearing was adjourned pending arbitration, which commenced on November 30, 1971 and continued until December 11, 1971. Devlin as well as other BRAC officials with jurisdiction over the Express employees participated fully and did not object to the proceedings. The panel announced its decision on February 4, 1972.

Three days later the National Association of Express General Chairmen retained the law firm of Segan & Culhane, which undertook to file the present lawsuit on behalf of BRAC to impeach the award. The petition charges that the arbitration agreement is void under 45 U.S.C. § 158(d) because it is not signed by the "duly accredited representatives" of the employees and that therefore any award made pursuant to it is of no force or effect. The petition is signed by a general chairman in the Express Division who is also the secretary-treasurer of the National Association of Express General Chairmen. On February 28, 1972, Segan & Culhane received a telegram from President Dennis advising them that they were not authorized to represent BRAC or to file a lawsuit on behalf of BRAC to impeach the arbitration award.

The court is of the opinion that the present lawsuit cannot be maintained on behalf of BRAC and that therefore petitioner's motion must be denied and the petition dismissed.

Article 13, section 1, of the constitution of BRAC gives the international president general supervisory power over all affairs of the union. Article 2, section 1, of the constitution makes the Grand Lodge the sovereign body of the union and subordinates all other units to it.

The power to bring suit is one of the most important powers an organization has and must necessarily vest either in the organization's sovereign body or in the individual or group exercising general supervision of the organization. Obviously, it would create a chaotic situation if every subordinate unit were empowered to bring suit on BRAC's behalf without receiving authorization from the international president or the Grand Lodge.

Nowhere in the constitution, statutes or protective laws of BRAC or in the by-laws of the National Association of Express General Chairmen is any subordinate unit of the union given authority to sue in the name of the union. The National Association of Express General Chairmen tacitly recognized its lack of power in this area when it requested the Grand Lodge to institute the initial injunction suit against REA.

BRAC is the collective bargaining agent for the employees. It signed the collective bargaining agreement whose terms it claimed were breached when it instituted the injunction suit. The agreement required arbitration of disputes. The agreement to arbitrate was signed by the parties to the collective bargaining agreement. Under the circumstances, an attack on the authority of the international president of BRAC cannot be launched by the method adopted here.

As Judge Brieant observed in connection with proceedings related to the initial injunction suit, dissension in the ranks was inevitable in this case. However, the laws of the union provide ample redress for their grievances. Pursuant to article 16, sections 6 through 14, of the constitution of BRAC, any

subordinate unit, officer, committee member or union member who feels aggrieved by a decision of the international president may appeal such decision to the Executive Council of the union. The aggrieved person may not resort to the courts until he has exhausted this intra-union procedure.

The National Association of Express General Chairmen recognized the necessity to follow these procedures in an earlier dispute similar to the present one. The Association appealed to the Executive Council a decision by President Dennis concerning a proffer of arbitration on October 28, 1971 in a case before the National Mediation Board, but the question was held to be moot by the Council. No such appeal has been taken in the present case.

Petitioner's motion to vacate the arbitration award is denied and the petition dismissed.

So ordered.